FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP – 6 2016

JAMES N. HATTEN, CLERK
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIANE BEATY, *on behalf of herself)*<br>*and all others similarly situated,*  ) | Civil Action No. _____ |
| ) | **1:16-CV-3345** |
| Plaintiff, ) | |
| ) | **CLASS ACTION COMPLAINT** |
| vs. ) | **AND TRIAL BY JURY DEMAND** |
| ) | |
| SHERWIN   P.   ROBIN   &) | |
| ASSOCIATES, P.C., and ) | |
| CAVALRY SPV I, LLC, ) | |
| ) | |
| Defendants. _____ ) | |

## NATURE OF ACTION

1.     Plaintiff, Diane Beaty ("Plaintiff"), brings this action against Defendants, Sherwin P. Robin & Associates, P.C., ("Sherwin") and Cavalry SPV I, LLC, ("Cavalry") (collectively, "Defendants"), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.     The FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

6.     "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)

7.     Therefore, a debt collector is liable for engaging in conduct that could mislead the unsophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

8.     A key provision of the FDCPA is § 1692e which forbids debt collectors from using "any false, deceptive, or misleading representation in connection with the collection of any debt." 15 U.S.C. § 1692e.

2

9.      This includes situations where debt collectors misrepresent its ability to collect interest on a debt after the original creditor had waived this right. *See Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 544 (N.D. Ill. 2012) ("the allegation that Defendants misrepresented their legal entitlement to collect waived interest, which would necessarily then misrepresent the amount of debt, states a claim under § 1692e").

10.     "A trier of fact's finding of waiver would require a ruling in favor of [Plaintiff] and a finding that Defendants violated FDCPA § 1962e. A finding of waiver also would mean that the rights of an assignee would be 'no higher than those of the bank.'" *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014) (citation omitted).

11.     Among the rights provided by the FDCPA, § 1692g(a) creates a thirty (30) day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt and require the debt collector to obtain verification or other information about the debt and send it to him before continuing collection activities. 15 U.S.C. § 1692g(a)(3)-(5).

12.     "[T]his validation requirement [is] a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already

3

paid.'" *See* Brief of the Consumer Financial Protection Bureau, p. 4-5, *Hernandez v. Williams, Zinman & Parham, P.C.*, Case No. 14-15672 (9th Cir. Aug. 20, 2014) (citing S. Rep. No. 95-382, at 4 (1977)).

13.     If a consumer disputes the debt in writing, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

14.     To impose any of these legal requirements on the debt collector before it may continue collecting, the consumer must send his dispute (1) in writing, and (2) within 30 days of his receipt of the initial communication.   15 U.S.C. § 1692g(a)(4)-(5); 15 U.S.C. § 1692g(b).

15.     "We reject the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector 'shall' notify the consumer of her right to dispute the debt in writing.  Likewise, the consumer has a right to verification only if she disputes the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing 15 U.S.C. §§ 1692g(a), 1692g(b)).

16.     If the consumer disputes the debt after the 30-day period from the initial communication has expired, or fails to dispute the debt or request the name and address of the original creditor in writing, the debt collector is not required to

4

cease collection or send the consumer verification of any kind. 15 U.S.C. § 1692g(a)(3)-(5); *see Bishop*, 817 F.3d at 1274 ("Nothing in the statute suggests that debt collectors have discretion to relax these requirements").

## PARTIES

17. Plaintiff is a natural person.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. Sherwin is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Sherwin is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. Cavalry is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

22. Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

23. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor.

24. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were

5

incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

25.     Citibank, N.A. charged off the Debt in or around March 2015, at a balance of $739.44.

26.     On March 25, 2015 Citibank, N.A. sent a letter informing Plaintiff that it had charged off his Debt.  Exhibit A.

27.     A true and correct copy of the March 25, 2015 letter from Citibank, N.A. is attached to this complaint as Exhibit A.

28.     Citibank, N.A. ceased attempting to collect interest on the Debt from Plaintiff after the date of charge-off.

29.     Citibank, N.A. ceased charging interest on the Debt after the date of charge-off.

30.     Upon information and belief, it is Citibank, N.A.'s regular business practice to cease collecting interest on an account after charge-off, in order to reduce continued collection costs and reduce the amount of "bad debt" on its books.

31.     Citibank, N.A. waived its right to subsequently charge interest on the Debt.

32.     After the date of charge-off, the Debt was acquired by Cavalry.

6

33.     Cavalry thereafter assigned the Debt to Sherwin for collection.

34.     On October 16, 2015, Sherwin, itself and on behalf of Cavalry, sent Plaintiff a letter.

35.     A true and correct copy of the October 16, 2015 letter is attached as Exhibit B.

36.     The October 16, 2015 letter identifies the balance of the Debt as $739.44. Exhibit B.

37.     The October 16, 2015 letter also states, in relevant part: "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater." Exhibit B.

38.     Given that Citibank, N.A. waived its right to subsequently charge interest on the Debt, Sherwin's October 16, 2015 letter falsely represented that the balance would increase due to interest.

39.     Upon information and belief, the October 16, 2015 letter was Sherwin's initial written communication with respect to the Debt. Exhibit B.

40.     The October 16, 2015 letter purported to contain the notices required in the initial communication, or within five days thereafter, by 15 U.S.C. § 1692g(a). Exhibit B.

7

41.    However, Sherwin did not effectively convey the amount of the debt to Plaintiff because the amount was not subject to the accrual of interest.

42.    Further, Sherwin's notice under § 1692g(a)(4) states that Sherwin will obtain verification of the debt or a copy of a judgment against them and mail said verification or judgment to Plaintiff: "If you notify this office orally or in writing within 30 days from receiving this notice . . . ." Exhibit B.

43.    Under the FDCPA, Plaintiff is required to dispute the debt, or any portion thereof, in writing in order to trigger the requirements of § 1692g(a)(4).

44.    Similarly, Sherwin's notice under § 1692g(a)(5) states that Sherwin will provide Plaintiff with the name and address of the original creditor: "If you request of this office orally or in writing within 30 days from receiving this notice . . . ." Exhibit B.

45.    Under the FDCPA, Plaintiff is required to make this request for the name of the original creditor in writing in order to trigger the requirements of § 1692g(a)(5).

## CLASS ALLEGATIONS

46.    Plaintiff repeats and re-alleges all factual allegations above.

47.    The October 16, 2015 letter is based on a form or template (the "Template") used by Defendant to send collection letters.

48. Defendant has used the Template to send collection letters to over 40 individuals in the State of Georgia within the year prior to the filing of the original complaint in this matter.

49. Upon information and belief, Defendant has sent the Template to over 40 individuals in the State of Georgia where the original creditor had waived its right to collect interest on the debt.

50. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All individuals in the State of Georgia from whom Defendant sent, within one year before the date of this complaint and in connection with the collection of a debt, a written correspondence based upon the Template.

51. The proposed class specifically excludes the United States of America, the State of Georgia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

52. The class is averred to be so numerous that joinder of members is impracticable.

9

53.    The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

54.    The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

55.    There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

56.    Plaintiff's claims are typical of those of the class she seeks to represent.

57.    The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of each class would require proof of the same material and substantive facts.

58.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

59.     Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

60.     Plaintiff is willing and prepared to serve this Court and the proposed class.

61.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

62.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

63.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

64.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

65.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

66.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

67.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting

12

and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

68. Plaintiff repeats and re-alleges each factual allegation above.

69. Sherwin violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt, including by representing that interest may accrue on the Debt when no legal right to charge interest on the Debt existed.

70. Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Sherwin — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the sub-class she seeks to represent;

13

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

71.     Plaintiff repeats and re-alleges each factual allegation above.

72. Sherwin violated 15 U.S.C. § 1692e(5) by threatening to take an action that it could not legally take by stating that it could assess interest on the Debt when no legal right to do so existed.

73. Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Sherwin — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692e(5) with respect to Plaintiff and the sub-class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

74.    Plaintiff repeats and re-alleges each factual allegation above.

75.    Sherwin violated 15 U.S.C. § 1692e(10), including by misrepresenting in its initial communication whether the amount of debt included interest, whether the amount of Plaintiff's Debt was a fixed amount that would not be subject to further interest or whether the balance would continue to grow over time as interest accrued.

76.   Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Sherwin — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the sub-class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

77.   Plaintiff repeats and re-alleges each factual allegation above.

78.   Sherwin violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey to Plaintiff the amount of the debt in its initial communication or within five days thereafter, including whether that amount would continue to increase due to accrued interest.

79.   Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Sherwin — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules

of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the sub-class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

80.     Plaintiff repeats and re-alleges each factual allegation above.

81.     Sherwin violated 15 U.S.C. § 1692g(a)(4) by failing to effectively convey to Plaintiff that a dispute of the debt, or any portion thereof, must be made in writing in order to obtain verification of the alleged debt or a copy of a judgment against Plaintiff.

82.     Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Sherwin — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(5)

83.  Plaintiff repeats and re-alleges each factual allegation above.

84.  Sherwin violated 15 U.S.C. § 1692g(a)(5) by failing to effectively convey to Plaintiff that a request for the original creditor information must be made in writing.

21

85.     Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Sherwin — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(5) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

22

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## TRIAL BY JURY

86.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated September 1, 2016,

Respectfully submitted,

Marques J. Carter
Georgia Bar No. 105133
Law Office of Marques J. Carter, LLC
3400 Chapel Hill Road, Suite 100
Douglasville, GA 30135
(888) 332-7252
(866) 842-3303 (fax)
mcarter@consumerlawinfo.com
Attorney for Plaintiff

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

Respectfully submitted,

Marques J. Carter
Georgia Bar No. 105133
Law Office of Marques J. Carter, LLC
3400 Chapel Hill Road, Suite 100
Douglasville, GA 30135
(888) 332-7252
(866) 842-3303 (fax)
mcarter@consumerlawinfo.com
Attorney for Plaintiff

Exhibit "A"

CITI
PO BOX 790040
St. Louis, MO 63179-9819



March 25, 2015

|ւ|ւ|ևւ||ւ|ււ||[ւ|ւ||ււ|ւ|ււ||ււ||ւ|ււ||ււ||||ւ||ււ|ււ|ււ||ււ|||||ււ||

 6-682-01339-0003279-001-01-000-000-000-000
DIANE P BEATY
906 ESTUARY TRAIL
ALPHARETTA GA 30005-0000

Account Number Ending In:  8505

Dear DIANE P BEATY

Your loan ending in 8505 with a balance of $739.44 has been sold to Cavalry Portfolio Services, LLC and is no longer owned by Citi.

Effective immediately, please send any future payments or correspondence to Cavalry Portfolio Services, LLC at:

Cavalry Portfolio Services, LLC
500 Summit Lake Drive
Valhalla NY 10595

Cavalry Portfolio Services, LLC may also be reached at 800-501-0909.

In case you have already sent payment to Citi, the payment will be forwarded to Cavalry Portfolio Services, LLC.

Sincerely,

G. Goldberg
Vice President
Citibank, N.A.



682-3028-0809F

# EXHIBIT "B"

### SHERWIN P. ROBIN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

P.O. Box 888
315 Cedar St
Metter, GA  30439

SHERWIN P. ROBIN
SARA G. ROBIN

(866) 369-9271 PHONE
(866) 742-1937 FACSIMILE
FIRM @ COLLECTIONSGA.COM

October 16, 2015

Diane P Beaty
906 Estuary Trl
Alpharetta, GA  30005-

Re: Diane P Beaty's Balance with Cavalry SPV I, LLC  as assignee of Citibank, N.A. for AT&T
Amount Due:$739.44

Dear Beaty:

This letter is from a debt collector.  Your account has been turned over to us to collect.  As of the date of this letter, you owe $739.44.  Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write the undersigned or call 1-866-369-9271.  Please contact our office to make suitable arrangements to resolve this matter.

Unless you are to notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office orally or in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office orally or in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.  You have the right to ask that all attempts to contact you cease.

Sincerely,

SHERWIN P. ROBIN

SPR/esh
15-02320-0 CMW
CD2

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.